## In re ENGELBRECHT.
### No. 8938.

District Court, S. D. Iowa, Central Division. Feb. 16, 1935.

Guy A. Miller, of Des Moines, Iowa, for bankrupt.

H. M. Coggeshall, of Des Moines, Iowa, for Lincoln National Life Ins. Co.

DEWEY, District Judge.

The above-entitled cause came on for hearing in open court at Des Moines, Iowa, on the 15th day of February, 1935, on a petition to review a certain order entered by Hon. John D. Denison, referee in bankruptcy, on the 25th day of January, 1935, and filed in his office on January 26, 1935.

The record discloses that some time prior to the 15th day of January, 1932, Gertrude Engelbrecht, bankrupt herein, was the owner of a certain 153-acre farm in Polk county, Iowa. On January 15, 1932, the Royal Union Life Insurance Company foreclosed a mortgage which it held against said land in the district court of Polk county, Iowa, and under special execution the farm was sold and a sheriff's deed was issued to the Royal Union Life Insurance Company for said land on March 1, 1933. On April 5, 1933, the insurance company entered into a farm lease, known in the record as Exhibit C, with Gertrude Engelbrecht, and on the same date entered into a written agreement with her wherein she was given the right to repurchase said land within a certain time and upon payment of certain sums, as shown by Exhibit D. On December 1, 1933, the receivers of the Royal Union Life Insurance Company sold and conveyed said real estate to the petitioner herein, the Lincoln National Life Insurance Company of Fort Wayne, Ind. On April 11, 1934, a thirty days' notice of the forfeiture of the agreement, Exhibit D, was served on the debtor, and on August 29, 1934, a three days' notice to quit and surrender possession.

Under this record evidence there is no question but that the Lincoln National Life Insurance Company is the record owner of the real estate in fee simple.

Gertrude Engelbrecht, the bankrupt, filed her petition under section 75 of the National Bankrupt Act, as amended (11 USCA § 203), on September 22, 1934, and thereafter amended her petition and asked to be and was adjudged a bankrupt under the provisions of subsection (s) of section 75 of the Bankrupt Act, as added by Act June 28, 1934 (11 USCA § 203 (s).

█ It is the claim of the bankrupt that the agreement, Exhibit D, was an agreement of sale which gave her some right, title, and interest to the real estate; while it is the claim of the petitioners that it is a mere option to purchase the real estate. It does not make much difference what name is given to the written instrument, Exhibit D, as there is no question of its provisions, which were to become effective after and if the sum of $1,000 should be paid on or before December 20, 1933. She had therefore no right or title in and to the real estate which passed into the hands of the bankruptcy court. The trustee of a bankrupt's estate is vested only with that title to any property of the bankrupt which prior to the filing of the petition he could have transferred or which might have been levied upon and sold under judicial process. Ricketts **v.** First Trust Co. (C. C. A.) 73 F.(2d) 599.

█ It seems to me from a careful reading of Exhibit D that the only right given to the debtor was an option to purchase, and it is the general rule that an option to purchase land does not vest in the holder of the option any interest, legal or equitable, in the land. 66 Corpus Juris, § 12, p. 487. But whether it is entirely an optional contract or not, Gertrude Engelbrecht did not have any right, title, or interest in the land which could have been levied upon or assigned by her, and hence did not pass to the bankruptcy court.

The Lincoln National Life Insurance Company filed its petition with the referee in bankruptcy to release the real estate from any claim by the bankruptcy court and to permit the petitioner to bring action against the bankrupt for possession of the real estate.

█ Gertrude Engelbrecht in answer to that petition claims that the Lincoln National Life Insurance Company is not the purchaser of said real estate without knowledge of any ownership or equity in the bankrupt, and that she has some rights therein by reason of some oral modification of the written contract Exhibit D. Her claim on

this is that as she was in possession of the real estate, that that was constructive notice to any purchaser of the land of whatever rights that she might have thereunder. However, she was holding the real estate and her rights of possession thereunder by a written agreement on record, and it is a general rule that: "Where a title under which the occupant holds has been put upon record, and his possession is consistent with what thus appears of record, it shall not be a constructive notice of any additional or different title or interest to a purchaser who has relied upon the record, but has had no actual notice beyond what is thereby disclosed." Kirby v. Tallmadge, 160 U. S. 379, 386, 16 S. Ct. 349, 351, 40 L. Ed. 463.

It would appear therefrom that the present owner of the real estate took the title subject only to the written agreement between the parties and not subject to any claim that she might have by reason of some oral arrangement that was not known to them.

█ The bankrupt also claims in her answer to the petition of the Lincoln National Life Insurance Company that the Royal Union Life Insurance Company extended the time for the payment of the $1,000 on the contract of April 5, 1933. I have examined the evidence carefully but am unable to find that there was any oral agreement to extend the time of payment as thus alleged; but it makes no difference in the result here, as the contract would still be merely an option to purchase and no payments thereon had ever been made by her and she would still not have any right, title, or interest in the real estate that would come into the hands of the trustee in bankruptcy.

The debtor claims that she made a payment of some $280 on the contract, Exhibit D. All the parties agree that Exhibits C and D should be construed together and the evidence discloses that what payments were made by the debtor were $60 payments and these are provided for under the lease, Exhibit C, and were not to be applied as a part of the purchase price provided for in Exhibit D, unless and until the sum of $1,000 had been paid.

By an amendment to her answer Gertrude Engelbrecht further claims that there was an oral extension of the time of the payment of the $1,000 for a period of three years from December 20, 1933. This would be the same situation as where she claimed an extension of one year for her right to pay the $1,000 and it still would be, even if

established by the evidence, which I do not find to be the fact, an option and right only on her part.

In respect to her right to repurchase the land, the contract is entirely unilateral and could not be enforced against her until she chose to have it enforced and, under the rules of law above set forth, there was no title to the real estate in controversy, either legal or equitable, at the time of the filing of the debtor's petition in this case that passed to the bankruptcy court. The relief asked by the petitioner should have been granted by the referee in bankruptcy under the record in this case and his order dated January 25, 1935, and memorandum opinion dated January 21, 1935, will have to be set aside and the referee ordered and directed to grant the relief asked by the Lincoln National Life Insurance Company. The clerk will therefore enter the following order:

The above-entitled cause having come on for hearing in open court at Des Moines, Iowa, on the 15th day of February, 1935, on a petition to review a memorandum opinion filed by Hon. John D. Denison on January 21, 1935, and a decree entered by him dated January 25, 1935, and such orders having been so reviewed, the court finds that they are erroneous, and they are set aside and the case remanded to the referee, with directions to enter an order striking from the schedules and inventory of the debtor the property therein described or any interest therein as an asset of the debtor and release said real estate to the Lincoln National Life Insurance Company, with permission to bring an action for the recovery of the possession of said real estate against Gertrude Engelbrecht in the courts of Iowa.